FILED
2021 Nov-04  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **CRYSTAL R. CREEKMORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )**Civil Action No.:** _____ |
| **v.** | ) |
| | ) |
| **ATHENS STATE UNIVERSITY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Crystal R. Creekmore ("Plaintiff" or "Ms. Creekmore"), by and through her undersigned counsel, hereby files her Complaint for relief against Defendant Athens State University ("Defendant" or "Athens State") and alleges as follows:

## NATURE OF THE CASE

1.     This is a lawsuit brought by the Plaintiff, Crystal Creekmore, seeking permanent relief from unlawful discriminatory and retaliatory practices committed against her by the Defendant.  The practices committed by the Defendant violate Plaintiff's rights secured by:

a.      Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e, *et seq*;

b.      Equal Pay Act of 1963, 29 U.S.C. § 206; and

c.      Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 - 1688 (2018).

## JURISDICTION, VENUE, AND RELATED MATTERS

2.      This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §1331, § 1343(a)(4); § 1367, and 42 U.S.C. §2000e, *et seq.*

3.      Plaintiff has fulfilled all conditions precedent to the filing of this action under Title VII.

4.      Plaintiff timely filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2020-01826. **(Attached herein as Exhibit A).**

5.      On August 12, 2021, following a recommendation by the EEOC, the United States Department of Justice Civil Rights Division (USDOJ) issued Plaintiff a Notice of Right to Sue.  Plaintiff received the Notice by e-mail on August 12, 2021. **(Attached herein as Exhibit B).**

6.      Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue pursuant to Title VII.

7.    Defendant is located in and/or doing business within this judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

8.    Plaintiff Crystal Creekmore is a female resident of Limestone County, Alabama, who is over the age of 19.  Ms. Creekmore is a highly-qualified individual who was aggressively recruited by Athens State.  Ms. Creekmore moved over 1100 miles to begin her position with Athens State.  Ms. Creekmore holds several degrees relevant to her position at Athens State and has held multiple high-level positions in Admissions and Recruiting at other universities.

9.    Defendant Athens State University ("Athens State University" or "Athens State") is a publicly-funded university operating in Athens, Limestone County, Alabama.

10.    Defendant is an employer for purposed of Title VII of the Civil Rights Acts of 1964, as amended.

11.    Defendant employed Plaintiff from 2014 until she was terminated in 2020.

## FACTS SUPPORTING PLAINTIFF'S CLAIMS

12.    Ms. Creekmore began her employment with Defendant in March 2014 as the Assistant Vice-President for Enrollment Management.

13.    At all times relevant to this Complaint, Ms. Creekmore's direct supervisor was Sarah McAbee, Vice-President for Enrollment Management and Student Support Services.

14.    In July 2018, Sarah McAbee requested Ms. Creekmore take on an additional role of Interim Director Admissions and Recruiting, but Ms. Creekmore received no additional pay.

15.    Typically, Athens State provided a stipend when an employee was performing an interim role.  Ms. Creekmore never received a stipend, which would have been distributed by Sarah McAbee.

16.    During late 2018, Ms. Creekmore became aware that her salary as Assistant Vice President was significantly lower than the other two (male) Assistant Vice Presidents at Athens State.

17.    When Ms. Creekmore questioned Mike McCoy about her differing salary, Mike McCoy stated that Sarah McAbee had placed Ms. Creekmore in a pay scale range that resulted in her lower salary but that Athens State would not intervene.

18.    From the outset of her employment, Ms. Creekmore noticed that Sarah McAbee treated her male subordinates more favorably than her female subordinates.

19.    On March 8, 2019, Ms. Creekmore verbally complained of gender discrimination to one of her superiors, Mike McCoy, Vice President for Financial

Affairs.  Mr. McCoy determined that Ms. Creekmore's complaints warranted that Ms. Creekmore speak with Title IX Director Jerrie Smith.

20.    During the months of March and April 2019, Ms. Creekmore was in contact with Title IX Director Jerrie Smith, during which times Ms. Creekmore provided Ms. Smith with statements from her co-workers that included complaints about Sarah McAbee's gender discrimination.

21.    Ms. Creekmore also complained that males earned higher salaries than their female counterparts.

22.    Further, Ms. Creekmore noted that men were labeled with more prestigious job titles and received greater benefits than their female counterparts performing the same work.

23.    According to Athens State, Ms. Smith initiated an "informal investigation" into Ms. Creekmore's complaints.

24.    Ms. Smith informed Ms. Creekmore that she found no evidence of gender discrimination, but she referred to Sarah McAbee as a "bully," noted that "being mean is not illegal," and told Ms. Creekmore than Athens State would implement anti-bullying training in the fall.

25.    As of late Summer 2019, no training had occurred.

26.     During the month of September 2019, Ms. Creekmore brought the same complaints of gender discrimination to Dr. Philip Way, the then newly-appointed President of Athens State ("President Way"), as she reported to Jerrie Smith.

27.     Dr. Way stated that some of Ms. Creekmore's complaints would take time to address.

28.     Dr. Way never followed up with Ms. Creekmore about her reports of gender discrimination.

29.     On December 12, 2019, Ms. Creekmore sent a follow-up email to President Way making complaints of the following specific instances of gender discrimination, among others:

a.     Sarah McAbee assigned a veteran, female recruiter to a less prestigious job title, which received lower pay than two new, male recruiters.

b.     A female staff member was disciplined for being assertive and bringing issues to the attention of President Way because it made her come across as "negative."

30.     Dr. Way did not respond to Ms. Creekmore.

31.     On December 16, 2019, Ms. Creekmore sent a pleading email to Mike McCoy Vice President for Financial Affairs, reiterating her request for him to intervene.

6

32.     Ms. Creekmore specifically informed Mike McCoy of multiple instances of gender and pregnancy related discrimination that she and other females at the University had endured.

33.     Mike McCoy responded after considering Ms. Creekmore's email, he intended on initiating through HR a thorough investigation.

34.     Mr. McCoy failed to initiate any type of investigation.

35.     On January 9, 2020, Ms. Creekmore followed up with Mike McCoy to inform him that a female employee was reaching out to the EEOC for guidance due to Sarah McAbee's discriminatory actions.

36.     The same employee reported to Ms. Creekmore that a male employee named Michael Radden was bringing his girlfriend on campus and into his office with the lights off and door closed.

37.     The female employee reported this incident to Sarah McAbee, as she felt uncomfortable being in the office while Mr. Radden presumably engaged in sexual activity in the next room.

38.     Sarah McAbee took no action against Mr. Radden.

39.     Mike McCoy then responded that Athens State would be working with legal counsel to conduct an investigation.

40.     That investigation was also never conducted.

41.    On January 13, 2021, after a female employee name Ashley Haley was seriously considering resigning after facing gender discrimination, Ms. Creekmore emailed both President Way and Mike McCoy noting specifically that women are Sarah McAbee's targets.

42.    Ms. Creekmore stated that women were subjected to an emotionally-draining work environment, while males were favored by Sarah McAbee.

43.    Ms. Creekmore reported that she and other women had been forced to seek mental health counseling and medical intervention due to Sarah McAbee's discriminatory conduct.

44.    Ms. Creekmore noted that she moved 1100 miles to work at Athens State, only to face gender discrimination and witness her female co-workers being discriminated against.

45.    Despite her numerous complaints, Ms. Creekmore was told for the first time between January 13 and 14, 2020, that she needed to file yet another complaint to initiate an investigation, despite the fact that Mike McCoy had repeatedly promised to initiate an investigation himself.

46.    Ms. Creekmore filed a complaint of gender discrimination on January 13, 2020, with Athens State's Title IX Director Jerrie Smith, in which she reiterated the following:

a.    Women are targeted by Sarah McAbee for discipline and hostile treatment and are treated less favorably than their male counterparts.

b.    Female workers had been retaliated against for complaining about Sarah McAbee's discriminatory conduct and were met with dismissive comments.

c.    Sarah McAbee disciplined females for being weak, stating that she needed "a ball-busting bitch" to perform work in McAbee's department..

d.    A pregnant female, L.A., applied for a director's position and was recommended for promotion by the board.  Going against the board, Sarah McAbee refused to hire the pregnant female, stating to Ms. Creekmore that there was no way the pregnant employee could perform the job with a newborn.  Sarah McAbee instead hired a male.

e.    The male employee who was hired instead, named Michael Radden, was bringing his girlfriend on campus and into his office with the lights off and door closed.  When a female employee complained that the situation made her feel uncomfortable, Radden was not disciplined.

    f.     All three directors appointed by Sarah McAbee were males.  Ms. Creekmore was performing the job of a director, but Sarah McAbee would neither promote her, nor would she approve a raise for Ms. Creekmore.

    g.    A female work-study student reported sexual harassment to Sarah McAbee.  The alleged aggressor was a male employee.  Sarah McAbee both ignored the student's complaint and told the female that she allowed the harassment and needed to tell the male to stop.

47.    On January 16, 2020, President Way acknowledged in a memo that Ms. Creekmore had initiated a formal Title IX investigation.

48.    By February 12, 2020, Jerrie Smith concluded her investigation, in which she stated she found no evidence of harassment or gender discrimination.

49.    Jerrie Smith's "investigation" consisted largely of Ms. Smith asking Sarah McAbee about Ms. Creekmore's specific complaints and transcribing Sarah McAbee's proffered excuses for treating females less favorably than male employees.

50.    Jerrie Smith's investigation contained both false information and incorrect assertions of fact.

51.    Athens State failed to protect Ms. Creekmore and the women on whose behalf she complained of gender discrimination.

52.     Shortly after the conclusion of Jerrie Smith's investigation, Athens State began retaliating against Ms. Creekmore in the following ways:

a.      Ms. Creekmore was called to a meeting with Mike McCoy and Sarah McAbee, where Ms. Creekmore was informed of the "hierarchy" at Athens State and dissuaded from making any further complaints;

b.      Ms. Creekmore was told that her request for an investigation must be a misunderstanding;

c.      Ms. Creekmore was informed that President Way was no longer interested in speaking with her about any further concerns of gender discrimination;

d.      After the investigation was conducted, Sarah McAbee stopped speaking to Ms. Creekmore, refused to give Ms. Creekmore input or instruction when requested, and ignored Ms. Creekmore's work-related emails.

53.     On March 13, 2020, Ms. Creekmore sent an email to Mike McCoy stating that she felt she was being retaliated against.

54.     Upon receiving this complaint, Mike McCoy took no action.

55.     Ms. Creekmore followed up with Mike McCoy with an additional complaint of retaliation stating the following:

a.   Sarah McAbee was still ignoring Ms. Creekmore.

b.   As a result, Ms. Creekmore lacked crucial information needed to complete her job.

c.   Ms. Creekmore was purposefully excluded from meetings concerning her job responsibilities.

d.   Sarah McAbee took from Ms. Creekmore a notable job responsibility and delegated it to Ms. Creekmore's peer without any notification to Ms. Creekmore.

56.   On April 9, 2020, Ms. Creekmore began the charge-filing process through the Equal Employment Opportunities Commission.

57.   Ms. Creekmore was unfamiliar with the process, so she believed that the written information she provided to the EEOC constituted a formal "Charge."

58.   On April 13, 2021, Ms. Creekmore met with Jerrie Smith at the direction of President Way.

59.   Ms. Creekmore reported that she had reached out to the EEOC.

60.   When Ms. Smith inquired whether Ms. Creekmore had submitted a Charge of Discrimination, Ms. Creekmore responded that she believed she had.

61.   In a recorded conversation, Jerrie Smith asked Ms. Creekmore questions about her EEOC Charge and the allegations Ms. Creekmore made.

62.    During the conversation, Jerrie Smith told Ms. Creekmore that no gender discrimination occurred and that there was no retaliation toward Ms. Creekmore because she was still employed at the same rate of pay.

63.    Only ten days after informing Athens State that she believed she had filed a Charge of Discrimination, Athens State terminated Ms. Creekmore.

64.    Athens State informed Ms. Creekmore that she was being terminated on the recommendation of Sarah McAbee because Ms. Creekmore could not get along with McAbee.

65.    Ms. Creekmore was fired in retaliation for making complaints of gender discrimination on behalf of herself and other female employees and complaints of retaliation.

66.    Shortly after Ms. Creekmore was terminated, she was replaced by a male employee named Rick Barth, who performs substantially the same job for significantly more pay.

67.    Mr. Barth has been given significantly more resources than Ms. Creekmore received during her tenure at Athens State.

## COUNT I:

## TITLE VII - GENDER DISCRIMINATION

68.    Ms. Creekmore incorporates by reference the facts set forth in paragraphs 1 – 67 above.

69.     Ms. Creekmore is a female.

70.     Athens State subjected Ms. Creekmore to disparate treatment with respect to the terms and conditions of her employment relating to discipline, benefits, the allocation of resources, and pay.

71.     Gender was a motivating factor in the difference in treatment between Ms. Creekmore and her male comparators.

72.     Ms. Creekmore was wrongfully terminated and shortly thereafter replaced by a male named Rick Barth.

73.     Athens State paid Ms. Creekmore's replacement, and likely other male employees, at a higher rate of pay than Ms. Creekmore despite Ms. Creekmore having equal or superior responsibilities in a working environment that was substantially the same.

74.     Athens State's disparate treatment caused Ms. Creekmore injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of a judgment against the Defendant in which the following is awarded:

a.      Compensatory damages to be determined by the trier of fact;

b.      Backpay damages, including pre-judgment interest;

c.      Injunctive relief, including, but not limited to, orders requiring reinstatement (or in the alternative, reasonable front pay), prohibiting future unlawful conduct, and requiring training;

d.      That relief which is fair and equitable under the circumstances; and

e.      Costs, including reasonable attorney's fees.

## COUNT II

### TITLE IX – GENDER DISCRIMINATION

75.      Ms. Creekmore incorporates by reference the facts set forth in paragraphs 1 – 67, and 69 – 74 above.

76.      Title IX prohibits sex discrimination in any federally funded educational program.  20 U.S.C. § 1681.  Specifically, no person or university shall, on the basis of sex, be excluded or denied participation in, benefits of, or be subject to discrimination under any educational program or activity receiving Federal financial assistance.  The protection applied to both students and employees of these programs.

77.      Ms. Creekmore is a female and a member of a protected group.

78.      Athens State is a university that is subject to Title IX because it receives Federal financial assistance to run its many educational programs and activities.

79.      Athens State subjected Ms. Creekmore to disparate treatment with respect to the terms and conditions of her employment relating to discipline, benefits, the allocation of resources, and pay, in violation of Title IX.

80.     Gender was a motivating factor in the difference in treatment between Ms. Creekmore and her male comparators.

81.     Ms. Creekmore was wrongfully terminated and shortly thereafter replaced by a male named Rick Barth.

82.     Athens State paid Ms. Creekmore's replacement, and likely other male employees, at a higher rate of pay than Ms. Creekmore despite Ms. Creekmore having equal or superior responsibilities in a working environment that was substantially the same.

83.     The conduct and actions of Athens State violates Title IX because the terms, conditions, and benefits of Ms. Creekmore's employment were adversely affected based upon her gender.

84.     Athens State's policy and practice of awarding to male employees higher salaries and titles within Athens State helps men secure higher raises and more benefits than females are awarded.

85.     Athens State knew or should have known of the disparate treatment to which Ms. Creekmore was subjected with respect to the terms and conditions of her employment relating to discipline, benefits, the allocation of resources, and pay, in violation of Title IX.  Athens State took no action to cure such gender discrimination and was deliberately indifferent to the acts of discrimination that occurred under its control.

86.     Athens State's disparate treatment caused Ms. Creekmore injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of a judgment against the Defendant in which the following is awarded:

    a.  Compensatory damages to be determined by the trier of fact;

    b.  Backpay damages, including pre-judgment interest;

    c.  Injunctive relief, including, but not limited to, orders requiring reinstatement (or in the alternative, reasonable front pay), prohibiting future unlawful conduct, and requiring training;

    d.  Costs, including reasonable attorney's fees;

    e.  Pecuniary and nonpecuniary compensatory damages for loss of career opportunities, humiliation, embarrassment, mental anguish; and

    f.  That relief which is fair and equitable under the circumstances.

## COUNT III:

**TITLE VII AND TITLE IX - RETALIATION
FOR OPPOSING GENDER DISCRIMINATION ON BEHALF OF
HERSELF**

87.     Ms. Creekmore incorporates by reference the facts set forth in paragraphs 1 – 67 above.

88.     Ms. Creekmore engaged in activity protected by Title VII and Title IX.

89.     Ms. Creekmore believed in good faith that she was experiencing unlawful gender-based discrimination.

90.     Ms. Creekmore believed in good faith that she was experiencing unlawful retaliation.

91.     Ms. Creekmore opposed conduct made unlawful by Title VII and Title IX by complaining to President Way, Vice President of Financial Affairs Mike McCoy, Title IX Director Jerrie Smith, and by reaching out to the EEOC for an initial interview.

92.     Ms. Creekmore participated in the EEOC process.

93.     Athens State subjected Ms. Creekmore to discipline, including termination.

94.     Athens State's discipline, including Ms. Creekmore's termination, was because of her protected activity.

95.     Athens State's retaliatory behavior injured Ms. Creekmore.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of a judgment against the Defendant in which the following is awarded:

   a. Compensatory damages to be determined by the trier of fact;

   b. Backpay damages, including pre-judgment interest;

c. Injunctive relief, including, but not limited to, orders requiring reinstatement (or in the alternative, reasonable front pay), prohibiting future unlawful conduct, and requiring training;

d. That relief which is fair and equitable under the circumstances; and

e. Costs, including reasonable attorney's fees.

## **COUNT IV:**

## **TITLE VII AND TITLE IX - RETALIATION FOR OPPOSING GENDER DISCRIMINATION ON BEHALF OF OTHER FEMALE EMPLOYEES**

96.     Ms. Creekmore incorporates by reference the facts set forth in paragraphs 1 – 67 above.

97.     Ms. Creekmore engaged in activity protected by Title VII and Title IX.

98.     Ms. Creekmore believed in good faith that her female co-workers and subordinates were experiencing unlawful gender-based discrimination.

99.     Ms. Creekmore opposed conduct made unlawful by Title VII and Title IX by complaining to President Way, Vice President of Financial Affairs Mike McCoy, Title IX Director Jerrie Smith, and by reaching out to the EEOC for an initial interview.

100.    Ms. Creekmore participated in the EEOC process.

101.    Athens State subjected Ms. Creekmore to discipline, including termination.

102.   Athens State's discipline, including Ms. Creekmore's termination, was because of her protected activity.

103.   Athens State's retaliatory behavior injured Ms. Creekmore.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of a judgment against the Defendant in which the following is awarded:

    a.   Compensatory damages to be determined by the trier of fact;

    b.   Backpay damages, including pre-judgment interest;

    c.   Injunctive relief, including, but not limited to, orders requiring reinstatement (or in the alternative, reasonable front pay), prohibiting future unlawful conduct, and requiring training;

    d.   That relief which is fair and equitable under the circumstances; and

    e.   Costs, including reasonable attorney's fees.

## COUNT V:

### THE EQUAL PAY ACT – 20 U.S.C. §206(d)
### UNEQUAL PAY CLAIM

104.   Ms. Creekmore incorporates by reference the facts set forth in paragraphs 1 – 67 above.

105.   Ms. Creekmore engaged in activity protected by Title VII.

106.   Ms. Creekmore performed substantially the same work as her successor, Rick Barth, and other male counterparts.

107.   Ms. Creekmore worked for the same university as her successor, Rick Barth and other male counterparts.

108.   Ms. Creekmore performed the same or more job responsibilities as Rick Barth and her other male counterparts, that required substantially equal skill, effort, and responsibility, and which were performed by Ms. Creekmore under similar working conditions.

109.   At the time Athens State hired Rick Barth and Ms. Creekmore's other male counterparts and began paying them a higher wage, the Defendant knew that the Equal Pay Act required that men and women in the same workplace be given equal pay for equal work,

110.   Athens State also knew Ms. Creekmore performed more work than her male counterparts.

111.   Athens State's violation of the Equal Pay Act was willful and intentional.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of a judgment against the Defendant in which the following is awarded:

   a.   Entrance of a declaratory judgment that Defendant's policies, practice, and procedures complained of herein have violate and continue to violate the Plaintiff's rights as secured by The Equal Pay Act;

   b.   Compensatory damages to be determined by the trier of fact;

   c.  Backpay damages, including pre-judgment interest;

   d.  Liquidated damages;

   e.  Injunctive relief prohibiting future unlawful conduct, and requiring training;

   f.  That relief which is fair and equitable under the circumstances; and

   g.  Costs, including reasonable attorney's fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by struck jury of all issues in this Complaint triable to a jury.

DONE this 4th day of November, 2021.

Respectfully Submitted,

*/William B. Beckum*
William B. Beckum (ASB-4222-170B)
*Attorney for Plaintiff*

**OF COUNSEL:**

**BECKUM LAW LLC**
3184 Cahaba Heights Road
Vestavia, Alabama 35243
Tele. (205) 588-0699

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

**Athens State University**
By Serving its Registered Agent:
James R. Chasteen
300 N. Beaty Street
Athens, Alabama 35611